Alam v. Sessions

BIA
Christensen, IJ
A201 293 607

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand eighteen.

PRESENT:
RAPLH K. WINTER,
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

MASUD ALAM, AKA ALAM MASUD,
*Petitioner*,

v.

16-3841
NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          David J. Rodkin, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Shelley R. Goad,
                         Assistant Director; Russell J.E.
                         Verby, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Masud Alam, a native and citizen of Bangladesh, seeks review of an October 20, 2016, decision of the BIA affirming a February 25, 2016, decision of an Immigration Judge ("IJ") denying Alam's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Masud Alam,* No. A201 293 607 (B.I.A. Oct. 20, 2016), *aff'g* No. A 201 293 607 (Immig. Ct. N.Y. City Feb. 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008)(per curiam).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and "the consistency between

2

the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Alam was not credible.

First, the agency reasonably relied on an inconsistency between Alam's testimony and his grandfather's affidavit about how long he was in hiding after the 2006 attack, particularly as Alam's continuously shifting testimony prevented any resolution of the inconsistency.  *See Xiu Xia Lin*, 534 F.3d at 163-64; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam).  The IJ reasonably rejected Alam's explanation that he was confused because the government's attorney repeatedly confirmed that Alam understood the line of questioning. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

*compelled* to credit his testimony." (quotation marks and citation omitted)).

The agency also reasonably relied on Alam's and his wife's erroneous statements about how many children they had. Even though Alam eventually amended his application to reflect all four of his children, the agency reasonably relied on the original error. As the IJ explained, Alam's wife's repetition of an error in the application called into question whether she authored the statement. And the seeming fabrication of evidence undermined Alam's credibility as a whole. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Finally, the agency reasonably relied on the inconsistency between Alam's statement at his credible fear interview that he was never arrested and his application, which reported that he was arrested and tortured by the police in 2009. 8 U.S.C. § 1158(b)(1)(B)(iii). The agency reasonably relied on the interview because Alam had access to a Bengali interpreter, and although not a verbatim transcript, the record is typewritten and memorialized in a

4

question and answer format, and there is no indication that Alam misunderstood any questions or that the record does not reflect his actual responses. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The agency was not required to credit Alam's explanation that he thought the officer meant arrest by immigration authorities in the United States, particularly given that the bulk of the questions were about his experiences in Bangladesh. *Majidi*, 430 F.3d at 80-81.

Alam's additional challenges to these findings fail. The agency may rely "on *any* inconsistency," *Xiu Xia Lin*, 534 F.3d at 167, and his inconsistencies are substantial as they either call into question specific incidents of alleged harm or impugn the validity of Alam's documentary evidence. *Xian Tuan Ye*, 446 F.3d at 295; *Siewe*, 430 F.3d at 170. Nor does Alam's diagnosis of post-traumatic stress disorder excuse the inconsistencies, particularly as it does not resolve the problem with his wife's letter. *Majidi*, 430 F.3d at 80-81. Contrary to Alam's position, the IJ did not apply an incorrect legal standard when addressing Alam's explanations, the IJ simply cited the controlling law in connection with his conclusion that the explanations were unpersuasive.

Given the substantial inconsistencies discussed above, the totality of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Because Alam's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court